IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CITY OF LAKE QUIVIRA,
a municipal corporation,

Plaintiff,

vs.                                    Civil Action No. 06-2369-KHV-DJW

EMPLOYERS MUTUAL
CASUALTY COMPANY,

Defendant.
_____

**AGREED PROTECTIVE ORDER**

Plaintiff City of Lake Quivira and Defendant Employers Mutual Casualty Company may be producing confidential and privileged information to each other through the process of discovery.  The confidential and privileged information will consist of attorney-client communications (letters, memos and billing statements) and work product (case analysis memos and notes) regarding the underlying state court litigation actions at issue in this insurance coverage dispute, and it would be detrimental to the interests of the parties if such information was made available to others ("Confidential Information").

IT IS HEREBY ORDERED:

1.      This Agreed Protective Order applies to all documents and information produced or disclosed in this action ("Discovery Material"), whether revealed in a document, deposition, an interrogatory answer, or otherwise, consistent with the confidential and privileged information identified above, and marked or designated as "Confidential."

2.      "Confidential Information" means any type or classification of information that is designated as "Confidential" by the supplying party, and reasonably believed to be subject to protection under Fed.R.Civ.P.26(c)(7), whether revealed during a deposition, in a document, in an interrogatory answer, or otherwise.   In designating information as "Confidential," the supplying party will make such designation only as to that information that party in good faith believes to be Confidential Information.

3.      The "Action" means *City of Lake Quivira vs. Employers Mutual Casualty Company,* Case No. 06-2369-KHV, filed in the United States District Court for the District of Kansas.

4.      "Document" means any written or graphic matter, no matter how produced, recorded, stored or reproduced and includes tape recordings or other electronically stored data, together with the programming instructions and other written material necessary to understand such tapes and data.

5.      For the purpose of "Confidential" information, "Qualified Persons" means (a) in-house and outside counsel representing a party in the Action, including associate attorneys and paralegals; (b) any litigation assistant, paralegal, stenographic, secretarial, or clerical personnel assisting such counsel in the Action; (c) any court reporter or typist or videographer recording or transcribing testimony; (d) the Court; (e) the parties, or officers, directors, and specifically designated employees of parties; (f) potential witnesses; and (g) any other persons agreed to in writing by the parties, either as to all or any Confidential Information in the Action.

6.      "Termination of the Action" means 60 days after the entry of the final

judgment or stipulation of dismissal if there is a settlement, or in the case of appeal, the date when

all appeals are resolved.

7.      The parties will use the Discovery Material and Confidential Information

produced pursuant to this Agreed Protective Order only for the purpose of preparing for or

conducting the Action and for no other purpose.  The parties may designate documents as

Confidential after providing access thereto to the opposing party without waiving the right to make

such designations, so long as such designations are made promptly after such documents are

reviewed by the opposing party.

8.      This Order shall be without prejudice to the right of any party: (a) to oppose

production of information for any ground permitted by the Federal Rules of Civil Procedure,

including any applicable privilege; (b) to petition the Court for a further protective order relating to

any purportedly confidential information; or (c) to object to the authenticity or admissibility into

evidence of any document, testimony, or other evidence subject to this Order.  The existence of this

Order shall not be used by any party as a basis for discovery that is not otherwise proper under the

Federal Rules of Civil Procedure.  This Order is not intended to restrict the use by either party of

information secured through discovery or otherwise, which use is authorized by state or federal law,

administrative regulation, or contract entered into pursuant to those laws or regulations.

9.      Except as provided in this Order, Confidential Information produced in this

Action will be disclosed by the receiving party only to Qualified Persons who must have read this

Order.

10.     Before providing access to or disclosing any Confidential Information to any Qualified Person defined in Paragraph 5(f ) and (g) such person must agree in writing to obey the terms of this Order prior to receiving Confidential Information.   The written format for this Confidentiality Agreement will be as follows:

> "I acknowledge that I [name], [position of employment], am about to receive Confidential Information supplied by [insert supplier].   I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of the court order of [date] in *City of Lake Quivira vs.   Employers Mutual Casualty Company,* Case No. 06-2369-KHV, filed in the United States District Court for the District of Kansas, and that I have been given a copy of and have read said order and agree to be bound by the terms thereof.  I understand that such information and any copies I make of any documentary material containing Confidential Information or any notes or other records that contain such information shall not be disclosed to others, except with respect to 'Qualified Persons', as provided in that Order."

Before providing access to or disclosing any Confidential Information to any Qualified Person defined in Paragraph 5(f) and (g), the party showing such information shall advise the potential witness that the information is Confidential and cannot be used except in this Action and shall give the potential witness a copy of this Order.  Any attorney of record for each party must maintain a list of names of all persons to whom such Confidential Information is disclosed.  Such list(s) and each written Confidentiality Agreement executed by Qualified Persons in accordance with this paragraph shall be exchanged by the parties thirty (30) days after Termination of the Action.

11.     Material designated as Confidential may be used at a nonparty deposition only if necessary to the testimony of the witness.  If a party desires to use material designated as Confidential at a nonparty deposition, that party shall first provide the witness with a copy of this Protective Order and request that the witness execute the Confidentiality Agreement set forth in Paragraph 10, which shall be entered as an exhibit in the witness's deposition.  If the nonparty

witness refuses to execute the Confidentiality Agreement, the Confidential material shall not be used during the deposition.

12.     Any Confidential Information supplied in written or documentary form must be labeled by the supplying party as "Confidential."  All deposition transcripts must be treated as Confidential Information for a period of ten (10) business days after receipt of such deposition transcript to allow time for the parties to make their Confidential Information designations. Persons may be deposed regarding Confidential Information pursuant to the terms of this Paragraph and Paragraph 11.  Only Qualified Persons and the witness may be present at such depositions.

13.     In accordance with D. Kan. Rule 5.4.6, no party will file Confidential Information with the Court unless the Court approves such filing prior to its submission.  The procedure for seeking such approval is to be by an appropriate motion demonstrating why a party believes good cause exists for submitting the particular Confidential Information in question to the Court under seal.  If the Court grants such motion, the Confidential Information must be filed as provided in D. Kan. Rule 5.4.6 or in such manner as otherwise directed by the Court.

14.     If the receiving party disagrees with the designation by the producing party of any information as Confidential Information, then the parties will try first to resolve such dispute on an informal basis before presenting the dispute to the Court.  If the parties fail to resolve such dispute informally, the producing party bears the burden of persuading the Court that the information is in fact Confidential.

15.     No party is obligated to challenge the propriety of a Confidential designation, and a failure to do so will not preclude a subsequent attack on the propriety of such designation.

16.     The receiving party must maintain all Confidential Information produced or exchanged in this Action or notes or other records regarding the contents thereof, in the custody of in-house or outside counsel who have been designated as Qualified Persons, and no partial or complete copies thereof may be retained by anyone else at any other location than the officers of such counsel, except when being used by experts in connection with the Action, or at depositions, unless otherwise authorized by stipulation of the parties or by order of the Court.

17.     Upon Termination of the Action, each party within thirty (30) days will assemble and return to the supplying party, with the cost of shipping borne by the supplying party, all Discovery Material and Confidential Information and documentary material or memoranda embodying information designated Confidential, including all copies of such memoranda or documentary material which may have been made, but not including any notes or other attorney's work product that may have been placed thereon by counsel for the receiving party. Alternatively, at the option of the supplying party, the receiving party will destroy all such materials within thirty (30) days of the Termination of the Action and certify to the supplying party that he or it has done so. As to any copies of Confidential Information claimed to contain attorney's work product, they must be destroyed by the receiving party within thirty (30) days of the Termination of the Action, and that party must certify to the supplying party that he or it has done so.

18.     Nothing in this order will prejudice any party from seeking amendments broadening or restricting the rights of access to and use of Discovery Material and Confidential Information, or other modifications.

19.     All terms of this Agreed Protective Order apply to all documents and information produced or disclosed by third parties who produce or disclose Discovery Material in the Action, and such third parties may designate Discovery Material produced by them as Confidential pursuant to this Agreed Protective Order.

20.     If any person receiving documents covered by this Order (a) is subpoenaed in another action, (b) is served with a demand in another action to which he or it is a party, or (c) is served with any other legal process by one not a party to this Action, seeking Discovery Material which was produced or designated as Confidential by someone other than the receiving party, the receiving party must promptly notify the supplying party of receipt of such subpoena, demand or legal process, and will decline to produce such material unless otherwise ordered by a court.  Should the person seeking access to the Confidential Information take action against the receiving party or anyone else covered by this Order to enforce such a subpoena, demand or other legal process, the receiving party will respond by setting forth the existence of this Order and, other than providing notice pursuant to the previous sentence, will be under no further obligation to preserve the confidentiality of any such documents in connection with such subpoena, demand or legal process. Nothing here may be construed as requiring the receiving party or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential Information covered by this Order, or to subject himself or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

IT IS SO ORDERED.

Dated this 17th day of January 2007.

s/ David J. Waxse
David J. Waxse
U.S. MAGISTRATE JUDGE

Approved as to form and content:

By:    s/Jeffrey A/ Bullins
       Jeffrey A. Bullins (# 18340)
       E-mail: jbullins@holbrookosborn.com
       Holbrook & Osborn, PA
       7400 West 110th Street, Suite 600
       Overland Park, Kansas 66210
       (913) 342-2500 (tel.)
       (913) 342-0603 (fax)
       Attorneys for Plaintiff

By:    s/Charles E. Millsap
       Charles E. Millsap (# 9692)
       E-mail: cmillsap@fleeson.com
       Fleeson, Gooing, Coulson & Kitch, LLC
       125 N. Market, Suite 1600
       Wichita, Kansas 67202
       (316) 267-7361 (tel.)
       (316) 267-1754 (fax)
       Attorneys for Defendant